UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| MIGUEL VALDES, KEVIN BERGNES, and BRUCE ALCIN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF MIAMI, a Political subdivision of the State of Florida, et al.,<br><br>Defendants. | Case No. 1:19-cv-21892 |

**COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiffs, MIGUEL VALDES, KEVIN BERGNES, and BRUCE ALCIN, by and through the undersigned counsel and pursuant to the Florida Rules of Civil Procedure, hereby brings this Complaint for Damages against the Defendant, CITY OF MIAMI, a political subdivision of the State of Florida, and in support of their claims for relief, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is a claim under the First and Fourteenth Amendments to the United States Constitution, brought pursuant to 42 U.S.C. §1983, seeking damages in excess of $75,000, exclusive of interest and costs.

2. This Court has exclusive jurisdiction over the Constitutional claims pursuant to 28 U.S.C. §§1331 and 1343. This Court is vested with jurisdiction to award back pay, order reinstatement, or provide any other equitable relief as may be proper, as well as awarding compensatory damages, attorney's fees, court costs, expenses, pre-judgment interest, post-judgment interest and any other legal and/or equitable relief deemed appropriate by this Court.

3. Venue is proper in this Court because Defendant CITY OF MIAMI maintains offices, does business, and is located in Miami, Miami-Dade County, Florida. Additionally, venue is appropriate within this Federal District and Division because the injury was sustained, and the conduct and cause of action which gives rise to the instant suit occurred within Miami-Dade County, Florida.

4. Defendant CITY OF MIAMI is a municipal subdivision of the State of Florida and, at all times material hereto, is the public employer of Plaintiffs VALDES, BERGNES, and ALCIN. Further, at all times material hereto, CITY OF MIAMI (hereinafter "the CITY") was an "employer" and an entity subject to liability under 42 U.S.C. §1983.

5. Defendant DANIEL ALFONSO is an adult individual who resides in the State of Florida and is a "person" under 42 U.S.C. §1983. At all times material hereto DANIEL ALFONSO (hereinafter "City Manager Alfonso") was the City Manager for the CITY and was a final policy maker for the CITY.

6. Defendant RODOLFO LLANES is an adult individual who resides in the State of Florida and is "person" under 42 U.S.C. §1983. At all times material hereto RODOLFO LLANES (hereinafter "Chief Llanes") was employed by the City as the Chief of Police of the Miami Police Department.

7. Plaintiff MIGUEL VALDES is an adult individual who resides in the State of Florida and is a "person" under 42 U.S.C. §. At all times material hereto, MIGUEL VALDES (hereinafter "VALDES") was employed by the CITY as a Probationary Police Officer with the City of Miami Police Department.

8. Plaintiff KEVIN BERGNES is an adult individual who resides in the State of Florida and is a "person" under 42 U.S.C. §1983. At all times material hereto, KEVIN

2

BERGNES (hereinafter "BERGNES") was employed by the CITY as a Probationary Police Officer with the City of Miami Police Department.

9.   Plaintiff BRUCE ALCIN is an adult individual who resides in the State of Florida and is a "person" under 42 U.S.C. §1983. At all times material hereto, BRUCE ALCIN (hereinafter "ALCIN") was employed by the CITY as a Probationary Police Officer with the City of Miami Police Department.

10.   Witness MARCOS MARRERO is an adult individual who resides in the State of Florida and is a "person" under 42 U.S.C. §1983 and an employee entitled to bring this action. At all times material hereto, MARCOS MARRERO (hereinafter "Marrero") was employed by the CITY as a Probationary Police Officer with the City of Miami Police Department.

11.   All conditions precedent to the instant action have occurred or have been waived, performed or excused.

**FACTS**

12.   Plaintiff ALCIN was hired by the City on December 3, 2015 and became a sworn probationary police officer on February 10, 2016 for the City.

13.   Plaintiff BERGNES was hired by the City on August 11, 2015 and became a sworn probationary police officer on April 1, 2016 for the City.

14.   Plaintiff VALDES was hired by the City on August 11, 2015 and became a sworn probationary police officer on April 1, 2016 for the City.

15.   Plaintiffs, along with witness MARRERO and approximately 25 other witness probationary police officers went to the same police academy class, class 113, and were all added to a WhatsApp chat called Post-22

16.   On June 30, 2016, while speaking in this private WhatsApp group chat, media messages were sent in response to a question about the location of an indoor shooting range.

3

17. Plaintiff BERGNES, in response to witness MARRERO's request for a recommendation on an indoor shooting range provided a sincere recommendation, however, MARRERO rejected that recommendation, with an emoji that was laughing so hard it was crying and asked for a range recommendation that was within the CITY's jurisdiction.

18. Plaintiff BERGNES took the emoji and in jurisdiction response as an invitation for a joke and subsequently jokes to MARRERO that that if one took a firearm to a Bank of America "they'll give you some cash" to which MARRERO again sent emojis showing faces crying from laughter and responded that he "had heard something about that".

19. This friendly exchange of a satirical joke was then expounded upon by BERGNES who made a comment about Model City having "moving targets" a reference to the fact that there is a large number of shootings in that area causing people to flee from the gunfire.

20. MARRERO then built upon either this joke, or the bank joke previously made, by stating that the "key is to wear a black mask though works every time I heard".

21. Another officer chimes in with a serious recommendation of a shooting range in the area and minutes later Plaintiff VALDES sends a message, also joking, about "moving targets" and naming another area within the City that is replete with criminal activity and shootings.

22. Neither reference to "moving targets" was a serious recommendation of bodily harm or the encouragement of more violence in these already violence prone areas.

23. Plaintiff VALCIN's only response to this satirical line of jokes is "smh… damn" which stands for "shake/shaking my head" and is a message that only comes after another officer says that the officer he is presently working with/under doesn't respond to calls for/from Model City.

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

24. The messages written and exchanged by Plaintiffs VALDES and BERGNES were satirical "dark humor" messages that were not sent in order to actually encourage, direct, or solicit violent actions, but to advance group cohesion, building comraderies, and engage with co-workers in a manner that only those who work in their field, which causes them to put themselves at risk of being shot at in these same areas by drug users or sellers or other criminals, and whom see what they do as officers on a daily basis may be able to appreciate.

25. When another officer in the chat expresses her opinion that the messages were offensive because those areas are predominately black and that the message could be in bad taste, while also simultaneously acknowledging that this is not likely how the messages were meant, Plaintiff BERGNES responds twice, once with an acknowledgement and another attempt at humor, and a second time with a more sincere apology and explanation that the comments were in fact not meant to be racially motivated or offensive.

26. These messages were all sent while Plaintiffs were not working, during the Plaintiffs' personal time, and were sent in a personal chat, not through any official work channels, to other similarly situation probationary police officers all of whom were new to the daily threats they now faced by putting on their uniform.

27. All recipients and senders in this personal chat group were of the same general ranking, no one in the chat supervised anyone else in this chat.

28. Copies of these satirical messages were turned over by MARRERO, the writer of some of the worst sounding jokes, for investigation by Internal Affairs, despite his obvious understanding, by his own participation, that the messages were nothing more than a satirical joke.

5

29. As a result of that investigation, Plaintiffs ALCIN and VALDES were relieved of duty on December 15, 2016, while Plaintiff BERGNES was relieved of duty on December 20, 2016.

30. All Plaintiffs were terminated on December 23, 2016 by the final action of CITY MANAGER ALFONSO after consulting with CHIEF LLANES about the messages and their content.

31. Only after Plaintiffs' terminations was the content of this private chat made public and published to the media, by a member of the City of Miami command staff.

32. At the time of their termination, all three Plaintiffs were sworn probationary officers with the City.

33. Officer MARRERO has received no discipline for his participation in the message chain.

34. Plaintiffs VALDES, BERGNES, and ALCIN were not the only three sworn probationary officers that were privy to or speaking in this group chat, everyone in this private chat was a sworn probationary officer who was a part of Police Academy Class 113, many or all of whom were at that time employed by the CITY.

35. Plaintiffs VALDES, BERGNES, and ALCIN were never formally disciplined or brought to Internal Affairs as a subject of any investigation prior to this investigation and subsequent termination.

36. No other reason was presented to Plaintiffs as the basis of their terminations.

**COUNT I**
**42 U.S.C. §1983**

**<u>Violation of Plaintiff Alcin's Freedom of Speech under the First Amendment</u>**

Plaintiff ALCIN readopt and re-allege the allegations in Paragraph 1 through 36 as if fully

6

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

set forth herein and further states:

37. Plaintiff ALCIN's termination by Defendant CITY of MIAMI violated Plaintiff ALCIN's right to freedom of speech as guaranteed by the United States Constitution as the basis for termination was speech privately shared with other similarly situated employees of the CITY of MIAMI while Plaintiff ALCIN was not on duty for the CITY of MIAMI.

38. The speech in this text message exchange, was a series of joking statements to a colleague's serious inquiry, made by numerous contributors, of which Plaintiff ALCIN did not send any joking messages, but merely acknowledge the message already sent by stating "SMH… damn" which means shake my head, a phrase typically used to express disbelief, laugh at an overly stupid or obvious statement, or show disappointment at reality.

39. The content of this speech was a matter of a public concern as it addressed the drug and accompanying violence problems facing several portions of the City of Miami and the perceived futility of trying to stem those problems as faced by the police officers and other first responders that patrol those areas.

40. Plaintiff ALCIN was placed on administrative probation and then terminated by CITY of MIAMI, while witness MARRERO, who also made joking remarks in the chat, was not disciplined and remains working for CITY of MIAMI as a sworn police officer.

41. Plaintiff ALCIN's police record with the Florida Department of Law Enforcement ("FDLE") presently reflects that he was terminated for a moral character violation.

42. The City of Miami knew that Under Florida Statute 943.13 §§(4) or (7) and the Florida Administrative Code, 11B-27.0011, none of the conduct for which they terminated ALCIN constituted a Moral Character violation, yet they terminated him and designated him a violator of the moral character standards of FDLE thus rendering him unemployable as a law enforcement

7

officer for any other agency.

43. But for his constitutionally protected speech activities, Plaintiff ALCIN would not have been the subject of an internal affairs investigation, would not have been terminated as a sworn police officer, and would not have been the subject of several news stories disparaging him and making him appear to be a racist who sought to do violence against minorities.

44. No legitimate governmental interest was served by denial of Plaintiff ALCIN's free speech rights.

45. The conduct complained of herein was taken under color of the laws of the State of Florida.

46. As a direct, proximate, and foreseeable result of CITY OF MIAMI's actions, Plaintiff ALCIN has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience and mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, damage to his personal reputation and professional reputation as a public servant, and other non-pecuniary losses and intangible injuries, specifically through actions taken by CITY OF MIAMI's agents and employees.

47. As a result of Defendant's unlawful conduct, Plaintiff was forced to retain an attorney to represent him in this cause and as such is entitled to and seeks an award of attorney's fees for bringing this action, as part of his costs, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff ALCIN respectfully prays:

    a. that he be awarded compensatory damages in excess of $75,000.00 including, but not limited to: for past and future lost compensation caused by the loss of any salary or merit increases; for damage to his career; for damages for severe mental anguish and suffering; for damage to ALCIN's reputation as an

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

individual and as a public servant; and for other direct and consequential damages suffered by Plaintiff as the direct and proximate result of all of the Defendant's actions in violation of Plaintiff clearly established constitutional rights;

b. that he be awarded prejudgment interest;

c. that a Final Order be entered directing that all disciplinary actions, negative comments, and claims of performance deficiencies against ALCIN and forming a matter of public record be expunged, or declared to have been improperly issued, to the extent permissible by Florida law, including but not limited to the amending of the stated reason for termination to FDLE;

d. that ALCIN be awarded front pay and benefits for a reasonable time, within the discretion of this Court, in lieu of reinstatement, should it be determined that reinstatement is impossible or impractical;

e. that ALCIN be awarded costs of this action, including reasonable attorney's fees as a part of his costs, pursuant to 42 U.S.C. §1988; and

f. that ALCIN be awarded such other legal and/or equitable relief as may be deemed appropriate by this Court.

## COUNT II
## 42 U.S.C. §1983

**Violation of Plaintiff Valdes's Freedom of Speech under the First Amendment**

Plaintiff VALDES readopt and re-allege the allegations in Paragraph 1 through 36 as if fully set forth herein and further states:

48.     Plaintiff VALDES's termination by Defendant CITY of MIAMI violated Plaintiff VALDES's right to freedom of speech as guaranteed by the United States Constitution

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

as the basis for termination was speech privately shared with other similarly situated employees of the CITY of MIAMI while Plaintiff VALDES was not on duty for the CITY of MIAMI.

49. The speech in this text message exchange, was a series of joking statements to a colleague's serious inquiry, made by numerous contributors, of which Plaintiff VALDES sent two messages.

50. The content of this speech was a matter of a public concern as it addressed the drug and accompanying violence problems facing several portions of the City of Miami and the perceived futility of trying to stem those problems as faced by the police officers and other first responders that patrol those areas.

51. Plaintiff VALDES was relieved of duty and then terminated by CITY of MIAMI, while witness MARRERO, who also made joking remarks in the chat, was not disciplined and remains working for CITY of MIAMI as a sworn police officer.

52. Plaintiff VALDES's police record with the Florida Department of Law Enforcement ("FDLE") presently reflects that he was terminated for a moral character violation.

53. The City of Miami knew that Under Florida Statute 943.13 §§(4) or (7) and the Florida Administrative Code, 11B-27.0011, none of the conduct for which they terminated VALDES constituted a Moral Character violation, yet they terminated him and designated him a violator of the moral character standards of FDLE thus rendering him unemployable as a law enforcement officer for any other agency.

54. But for his constitutionally protected speech activities, Plaintiff VALDES would not have been the subject of an internal affairs investigation, would not have been terminated as a sworn police officer, and would not have been the subject of several news stories disparaging him and making him appear to be a racist who sought to do violence against minorities.

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

55. No legitimate governmental interest was served by denial of Plaintiff VALDES's free speech rights.

56. The conduct complained of herein was taken under color of the laws of the State of Florida.

57. As a direct, proximate, and foreseeable result of CITY OF MIAMI's actions, Plaintiff VALDES has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience and mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, damage to his personal reputation and professional reputation as a public servant, and other non-pecuniary losses and intangible injuries, specifically through actions taken by CITY OF MIAMI's agents and employees.

58. As a result of Defendant's unlawful conduct, Plaintiff was forced to retain an attorney to represent him in this cause and as such is entitled to and seeks an award of attorney's fees for bringing this action, as part of his costs, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff VALDES respectfully prays:

a. that he be awarded compensatory damages in excess of $75,000.00 including, but not limited to: for past and future lost compensation caused by the loss of any salary or merit increases; for damage to his career; for damages for severe mental anguish and suffering; for damage to VALDES's reputation as an individual and as a public servant; and for other direct and consequential damages suffered by Plaintiff as the direct and proximate result of all of the Defendant's actions in violation of Plaintiff clearly established constitutional rights;

b. that he be awarded prejudgment interest;

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

    c. that a Final Order be entered directing that all disciplinary actions, negative comments, and claims of performance deficiencies against VALDES and forming a matter of public record be expunged, or declared to have been improperly issued, to the extent permissible by Florida law, including but not limited to the amending of the stated reason for termination to FDLE;

    d. that VALDES be awarded front pay and benefits for a reasonable time, within the discretion of this Court, in lieu of reinstatement, should it be determined that reinstatement is impossible or impractical;

    e. that VALDES be awarded costs of this action, including reasonable attorney's fees as a part of his costs, pursuant to 42 U.S.C. §1988; and

    f. that VALDES be awarded such other legal and/or equitable relief as may be deemed appropriate by this Court.

## COUNT III
## 42 U.S.C. §1983

**Violation of Plaintiff Bergnes's Freedom of Speech under the First Amendment**

Plaintiff BERGNES readopt and re-allege the allegations in Paragraph 1 through 36 as if fully set forth herein and further states:

59. Plaintiff BERGNES's termination by Defendant CITY of MIAMI violated Plaintiff BERGNES's right to freedom of speech as guaranteed by the United States Constitution as the basis for termination was speech privately shared with other similarly situated employees of the CITY of MIAMI while Plaintiff BERGNES was not on duty for the CITY of MIAMI.

60. The speech in this text message exchange, was a series of joking statements, made by numerous contributors, of which Plaintiff BERGNES sent several clearly non-serious response messages to a colleague's serious inquiry.

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

61. The content of this speech was a matter of a public concern as it addressed the drug and accompanying violence problems facing several portions of the City of Miami and the perceived futility of trying to stem those problems as faced by the police officers and other first responders that patrol those areas.

62. Plaintiff BERGNES was placed on administrative probation and then terminated by CITY of MIAMI, while witness MARRERO, who also made joking remarks in the chat, was not disciplined and remains working for CITY of MIAMI as a sworn police officer.

63. Plaintiff BERGNES's police record with the Florida Department of Law Enforcement ("FDLE") presently reflects that he was terminated for a moral character violation.

64. The City of Miami knew that Under Florida Statute 943.13 §§(4) or (7) and the Florida Administrative Code, 11B-27.0011, none of the conduct for which they terminated BERGNES constituted a Moral Character violation, yet they terminated him and designated him a violator of the moral character standards of FDLE thus rendering him unemployable as a law enforcement officer for any other agency.

65. But for his constitutionally protected speech activities, Plaintiff BERGNES would not have been the subject of an internal affairs investigation, would not have been terminated as a sworn police officer, and would not have been the subject of several news stories disparaging him and making him appear to be a racist who sought to do violence against minorities.

66. No legitimate governmental interest was served by denial of Plaintiff BERGNES' free speech rights.

67. The conduct complained of herein was taken under color of the laws of the State of Florida.

68. As a direct, proximate, and foreseeable result of the CITY's actions, Plaintiff

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

BERGNES has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience and mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, damage to his personal reputation and professional reputation as a public servant, and other non-pecuniary losses and intangible injuries, specifically through actions taken by CITY OF MIAMI's agents and employees.

69. As a result of Defendant's unlawful conduct, Plaintiff was forced to retain an attorney to represent him in this cause and as such is entitled to and seeks an award of attorney's fees for bringing this action, as part of his costs, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff BERGNES respectfully prays:

a. that he be awarded compensatory damages in excess of $75,000.00 including, but not limited to: for past and future lost compensation caused by the loss of any salary or merit increases; for damage to his career; for damages for severe mental anguish and suffering; for damage to BERGNES's reputation as an individual and as a public servant; and for other direct and consequential damages suffered by Plaintiff as the direct and proximate result of all of the Defendant's actions in violation of Plaintiff clearly established constitutional rights;

b. that he be awarded prejudgment interest;

c. that a Final Order be entered directing that all disciplinary actions, negative comments, and claims of performance deficiencies against BERGNES and forming a matter of public record be expunged, or declared to have been improperly issued, to the extent permissible by Florida law, including but not limited to the amending of the stated reason for termination to FDLE;

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

    d. that BERGNES be awarded front pay and benefits for a reasonable time, within the discretion of this Court, in lieu of reinstatement, should it be determined that reinstatement is impossible or impractical;

    e. that BERGNES be awarded costs of this action, including reasonable attorney's fees as a part of his costs, pursuant to 42 U.S.C. §1988; and

    f. that BERGNES be awarded such other legal and/or equitable relief as may be deemed appropriate by this Court.

### COUNT IV
### 42 U.S.C. §1983

**Violation of the 14th Amendment – Equal Protection Clause against all Plaintiffs**

Plaintiffs BERGNES, VALDES, and ALCIN readopt and re-allege the allegations in Paragraph 1 through 36 as if fully set forth herein and further states:

70. Plaintiffs' terminations by the CITY violated Plaintiffs' rights to equal protection under the law as guaranteed by the United States Constitution and the State of Florida Constitution as they were terminated by the CITY while other similarly situated employees of the CITY were not terminated or even disciplined for the same exact actions.

71. Plaintiff BERGNES and VALDES sent several clearly non-serious response messages to a colleague's serious inquiry as part of a private group chat wherein all group members were probationary police officers who had been part of Police Academy Class 113.

72. The content of the messages that Plaintiff BERGNES and VALDES sent were a play upon the drug and accompanying violence problems facing several portions of the City of Miami and the perceived futility of trying to stem those problems as faced by the police officers and other first responders that patrol those areas, under the guise of responding to his colleague's question.

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

73. Plaintiff ALCIN commented with "SMH… damn" which means shake my head, a phrase typically used to express disbelief, laugh at an overly stupid or obvious statement, or show disappointment at the state of reality.

74. As a result of the messages that Plaintiffs sent, each were relieved of duty and then terminated by the CITY, while witness MARRERO, who also made several joking remarks in the chat, was not disciplined and remained working for the City as a sworn probationary police officer.

75. Plaintiffs' police records with FDLE presently reflect that each were terminated for a moral character violation.

76. The City of Miami knew that Under Florida Statute 943.13 §§(4) or (7) and the Florida Administrative Code, 11B-27.0011, none of the conduct for which they terminated VALDES, ALCIN and BERGNES constituted a Moral Character violation, yet they terminated them and designated them violators of the moral character standards of FDLE thus rendering them unemployable as law enforcement officers for any other agency.

77. As a result of this internal affairs investigation and the resulting terminations Plaintiffs were the subject of several news stories disparaging them and making each appear to be racists who sought to do or promote violence against minorities by police officers.

78. No legitimate difference can be discerned from those messages sent by witness MARRERO versus those sent by Plaintiffs BERGNES and VALDES. The single message sent by ALCIN was not even a directly discernable comment upon drug use, race, or violence, as were those sent in the joking manner by the other two Plaintiffs and witness MARRERO.

79. ALCIN'S termination was patently pretextual as he was the sole black Plaintiff terminated.

80. The conduct complained of herein was taken under color of the laws of the State of

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

Florida.

81. As a direct, proximate, and foreseeable result of CITY OF MIAMI's actions, Plaintiffs have each suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience and mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, damage to his personal reputation and professional reputation as a public servant, and other non-pecuniary losses and intangible injuries, specifically through actions taken by CITY OF MIAMI's agents and employees.

82. As a result of Defendant's unlawful conduct, Plaintiffs were forced to retain an attorney to represent them in this cause and as such are entitled to and seek an award of attorney's fees and costs for bringing this action, as part of their costs, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs BERGNES, ALCIN, and VALDES respectfully pray:

a. that they each be awarded compensatory damages in excess of $75,000.00 including, but not limited to: for past and future lost compensation caused by the loss of any salary or merit increases; for damage to their careers; for damages for severe mental anguish and suffering; for damage to each Plaintiff's reputation as an individual and as a public servant; and for other direct and consequential damages suffered by Plaintiffs as the direct and proximate result of all of the Defendant's actions in violation of Plaintiffs' clearly established constitutional rights;

b. that they be awarded prejudgment interest;

c. that a Final Order be entered directing that all disciplinary actions, negative comments, and claims of performance deficiencies against each Plaintiff and forming a matter of public record be expunged, or declared to have been

17

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

    improperly issued, to the extent permissible by Florida law, including but not limited to the amending of the stated reason for termination to FDLE;

d. that each Plaintiff be awarded front pay and benefits for a reasonable time, within the discretion of this Court, in lieu of reinstatement, should it be determined that reinstatement is impossible or impractical;

e. that each Plaintiff be awarded costs of this action, including reasonable attorney's fees as a part of his costs, pursuant to 42 U.S.C. §1988; and

f. that each Plaintiff be awarded such other legal and/or equitable relief as may be deemed appropriate by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiffs ALCIN, VALDES, and BERGNES hereby respectfully demand trial by jury on all issues and counts triable of right before a jury.

Respectfully Submitted on this 10th day of May 2019 by:

*Counsel for Plaintiffs*
4000 Hollywood Blvd., Suite 555-S
Hollywood, FL 333021
Phone: (954) 843-3509
Fax: (754) 551-5400
E-mail: stephanlaw@outlook.com

By: */s/Stephan Lopez*
Stephan Lopez, Esq. (FBN 76959)

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on May 10, 2019 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/*Stephan Lopez

**OFFICE OF THE CITY ATTORNEY**
**CITY OF MIAMI**
**Victoria Mendez, Esq.,** *City Attorney*
**Kevin R. Jones, Esq.,**
***Division Chief Labor and Employment***
444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
kjones@miamigov.com